UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

MAR 1 8 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| **MEHDI MOINI** § | |
| § | |
| Plaintiff, § | |
| § | |
| § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO: |
| § | **A10CA180 SS** |
| § | |
| § | |
| **UNIVERSITY OF TEXAS AT** § | |
| **AUSTIN; WILLIAM C. POWERS,** § | |
| **JR. In his Official Capacity as** § | |
| President; STEPHEN F. MARTIN, | |
| RICHARD B. QUY AND | |
| JENNIFER S. BRODBELT, | |
| Individually | |
| Defendants. | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Mehdi Moini, Plaintiff herein, by and through his attorney of record and files this his *Original Complaint*, and in support thereof would show:

### I.
### Jurisdiction and Venue

1. Plaintiff brings his cause of action pursuant to The Age Discrimination in Employment Act (29 USC §621 *et seq.*) (ADEA), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §§1981, 1983.

2. The jurisdiction of the Court over this controversy is invoked pursuant to the provisions of 28 U.S.C. §§1331, 1343(a)(3)(4), 29 U.S.C. §626(c)(e), 42 U.S.C.§§1981, 1983. and 42 U.S.C.

§2000e-5(f)(3). As the unlawful employment practices complained of herein occurred within the Western District, venue is proper in this district pursuant to 42 U.S.C. §1981, §2000e-5(f)(3), 29 U.S.C. §626(c), 28 U.S.C. §1391(b).

3. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(f) and (g), 29 U.S.C. §626(b), 42 U.S.C. §1981 and 42 U.S.C. §1981a and 42 U.S.C. §1983.

4. Mehdi Moini, resident of Austin, Travis County, Texas, filed a charge of discrimination against the University of Texas at Austin, on or about July 11, 2008, and subsequently amended it in November 2008 and January 2009. Moini alleged national origin and age discrimination, as well as retaliation.

5. On December 17, 2009 the U.S. Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights which was received by Moini on December 21, 2009.

6. Moini has complied fully with all prerequisites to jurisdiction in this Court. Jurisdiction of the Court is proper under 42 U.S.C. §2000e-5(f)(3) and 29 U.S.C. §626(c)(d)(e).

7. As the unlawful employment practices complained of herein occurred within the Western District, venue is proper in this district pursuant to 42 U.S.C. §2000e-5(f)(3), 42 U.S.C. §626 (c)(d)(e) and 42 U.S.C. §1981.

## II.
## Parties

8. Plaintiff, Mehdi Moini, is a Middle Eastern-Iranian, individual residing in Austin, Travis County, Texas. He was formerly employed as a Director, Lecturer and Senior Research Scientist for Defendant, The University of Texas at Austin.

9. Defendant, The University of Texas at Austin is a state, governmental institute of higher

learning located in Austin, Texas. The University employees more than 500 employees.

10. Defendant, William C. Powers, Jr. is President of the University.

11. Defendant, Steven Martin, is an individual employed in the Department of Chemistry and Biochemistry, College of Natural Sciences at the University of Texas at Austin.

12. Defendant, Rick Quy, is an individual employed in the Department of Chemistry and Biochemistry, College of Natural Sciences at the University of Texas at Austin.

13. Defendant, Jennifer Brodbelt, is an individual employed in the Department of Chemistry and Biochemistry, College of Natural Sciences at the University of Texas at Austin.

## III.
## Statement of Facts

14. Moini began working for the University in December 1989. He held the position at the University of Director, Lecturer and Senior Research Scientist. On or about October 9, 2007, Moini filed an internal discrimination complaint against the University in October 2007 based on national origin discrimination. After, he filed his complaint of discrimination, Moini's titles of Lecturer and Adjunct Faculty were removed and he was not considered for an in-line promotion to Adjunct Professor or to Research Professor. A non-middle Eastern faculty member did receive her in line promotion to Research Professor.

15. The University removed Moini's access from the list of professors and was unable to receive any emails so he could be informed about faculty meetings. Moini had been on the list-serve for many years and was not removed until he filed an internal discrimination complaint.

16. Moini applied for a Professor's position in 1999, 2003, 2005-2007 and was not selected for any of the positions although better qualified than those who were interviewed and/or hired. One of the reasons given by the University for Moini not being promoted was because he was a "staff

member"; however there were other non-Middle Eastern employees that held the title of Research Scientist and they were promoted to professors even though they were staffers. This reasoning was provided by Jennifer S. Brodbelt.

17. The internal discrimination complaint investigation was final on or about April 10, 2008 without a finding of discrimination. Within 90 days after that, on or about July 2, 2008, Moini was informed, via letter from Dr. Richard B. Quy, Associate Director, that his appointment as a Senior Research Scientist and Director would not be renewed for the fiscal year beginning September 1, 2008 and he was relieved of his responsibility as the Director of Mass Spectrometry. Moini's job duties changed and he was re-assigned to write a review article.

18. One of the reasons alleged in the initial letter of notice of non-renewal was that the faculty lacked confidence in Moini's leadership and the MSF department was the lowest scoring department based on a survey that was based on Brodbelt's recommendation. Brodbelt issued unjustified harsh criticism of the MSF and Quy collected the results from a small responding group. MSF received the same score as the IT group, yet no one from IT faced any discipline. Both of these persons are ones against whom Moini filed discrimination and retaliation complaints.

19. The Chair of the Department, Dr. Stephen F. Martin made the decision with Quy to not renew Moini's appointment with the University. Moini's prior complaints of discrimination/retaliation were also against Quy and Martin. Based on these actions, Moini filed another internal complaint about the illegal treatment. After the issuance of the initial letter another letter was issued on August 1, 2008 advising Moini was non-renewed, but this time there was no reason stated in the letter. This letter was issued in response to allegations that several faculty members would contradict the alleged reasons in the original letter.

20. Moini requested and was denied a faculty grievance hearing. The separation form issued to

Moini also bars him from re-employment in the Chemistry and Biochemistry Department. The temporary Director of Mass Spectrometry that replaced Moini was significantly younger than Moini.

21. On March 25, 2008, Moini was denied a faculty position in the Chemistry and Biochemistry department.

22. Then the permanent replacement for Moini, as the Director of the Mass Spectrometry Facility, was named on or about December 18, 2008–Dr. Karin Keller is less qualified and younger than Moini and not of Middle Easter-Iranian origin.

23. Monii claims the adverse actions taken against him primarily occurred post-911 as a discriminatory reaction to the terroristic events that allegedly occurred at the hands of persons of Middle Eastern descent in 2001.

## IV.
## Damages

24. As a result of the University's actions against Moini he has suffered damages in the form of lost wages and benefits and compensatory damages. Moini seeks recovery of his damages pursuant to 42 U.S.C. 2000e-5(f)(3), 42 U.S.C. §§1981, 1981a, 1983.

## V.
## First Cause of Action

25. Moini restates and hereby incorporates by reference any and all allegations of Paragraphs 1 through 24, inclusive, herein in support of his cause of action.

26. Moini alleges the University discriminated against him in the terms and conditions of his employment based on his national origin, Middle Eastern-Iranian, and in retaliation for pursuing his complaints of discrimination, all in violation of Title VII.

27. Moini is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until the Court grants relief.

## VI.
## Second Cause of Action

28. Moini restates and hereby incorporates by reference any and all allegations of Paragraphs 1 through 24, inclusive, herein in support of his cause of action.

29. The University has intentionally discriminated against Moini in the terms and conditions of his employment on the basis of his race, in violation of 42 U.S.C. §1981.

30. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until the Court grants relief.

## VII.
## Third Cause of Action

31. Moini restates and hereby incorporates by reference any and all allegations of Paragraphs 1 through 24, inclusive, herein in support of his cause of action.

32. The University has intentionally discriminated against Moini in the terms and conditions of his employment on the basis of his age, by and through the President of the University, in violation of 29 U.S.C. §626(b).

33. Plaintiff is now suffering and will continue to suffer irreparable injury and damages as a result of Defendant's discriminatory practices unless and until the Court grants relief.

## VIII.
## Fourth Cause of Action

34. Moini restates and hereby incorporates by reference any and all allegations of Paragraphs 1 through 24, inclusive, herein in support of his cause of action.

35. Moini complains that the individual named defendants acting under color of state law intentionally deprived him of rights under the Constitution of the United States and federal laws, 29 U.S.C. §626(b), 42 U.S.C. §1981 and Title VII.

36. Defendants were aware of the anti-discrimination laws, were aware of his protected status and intended for him not have a contract of employment with the University and intended for him not to be employed by the University.

37. Defendants' acts in violation of federal law were intentionally committed under color of the authority of the State of Texas and caused Moini damages. Defendants' conduct was not objectively reasonable in light of the law. Defendants' actions violate 42 U.S.C. §1983.

## IX
## Injunctive Relief

38. Moini restates and hereby incorporates by reference any and all allegations of Paragraphs 1 through 37, inclusive, herein. In addition, Moini alleges that Defendants' discriminatory actions herein must be enjoined by this Court in order to force Defendant to comply with the law and Moini requests specific injunctive relief against Defendants including reinstating Moini with full restoration of all rights, seniority and benefits. 29 U.S. C. §626(b), 42 U.S.C. §1981 and 42 U.S.C. §2000e-5(g).

## X.
## Attorney's fees

39. Moini seeks an award of reasonable and necessary attorney's fees required to pursue Moini's claims of discriminatory conduct by Defendants, pursuant to 29 U.S.C. §626, 42 U.S.C. §1988 (b)(c) and 42 U.S.C. §2000e-5(k).

## XI.
## Jury Trial Demand

40. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, 29 USC §626©)(2), 42 U.S.C. §1981, 42 U.S. C.§1981a(c). Plaintiff demands a trial by jury in this action.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants:

(a) For injunctive relief enjoining the University and Defendants from engaging in such unlawful employment practice and order such affirmative action as may be appropriate including reinstatement and restoration of benefits;

(b) For a money judgment representing lost wages, past and future wages, including any and all employment benefits;

(c) Compensatory damages pursuant to 42 U.S. C. §1981(a)(3);

(d) For a money judgment representing prejudgment interest, if applicable;

(e) For costs of suit, including an award of reasonable attorney's fees and expert fees; and

(f) For such other and further relief as may be just and proper.

Respectfully submitted,

LAW OFFICES OF
GAUL AND DUMONT
924 Camaron
San Antonio, Texas 78212
(210) 225-0685
(210) 320-3445 - Fax

By: /s/ Kala S. Dumont
Kala S. Dumont
State Bar #17902450
Attorney for Plaintiff