## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| MEHDI MOINI, | § | |
|     *Plaintiff*, | § | Civ. Action No. 1:10-cv-00180-SS |
| | § | |
| v. | § | |
| | § | |
| THE UNIVERSITY OF TEXAS AT | § | |
| AUSTIN; WILLIAM C. POWERS, JR., in | § | |
| his Official Capacity as President; | § | |
| STEPHEN F. MARTIN, RICHARD B. | § | |
| QUY and JENNIFER S. BRODBELT, | § | |
| Individually, | § | |
|     *Defendant*. | § | |

---

### DEFENDANT JENNIFER S. BRODBELT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

---

TO THE HONORABLE SAM SPARKS, UNITED STATES DISTRICT JUDGE:

Defendant Jennifer S. Brodbelt files this Answer and Affirmative Defenses to Plaintiff's First Amended Original Complaint ("Amended Complaint") and respectfully states as follows:

### ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Brodbelt denies each and every allegation contained in Plaintiff's Amended Complaint except for those expressly admitted herein. The numbered paragraphs herein correspond to the paragraphs within the body of Plaintiff's Amended Complaint. Defendant Brodbelt responds as follows:

### I.
### Jurisdiction and Venue

1. Defendant Brodbelt admits that Plaintiff purports to bring his cause of action as described but denies that Plaintiff is entitled to any of the relief he seeks.

2. Defendant Brodbelt denies that this Court has jurisdiction over all of Plaintiff's claims, including Plaintiff's purported claims pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, 42 U.S.C. § 1981, and Texas Labor Code Chapter 21. Defendant Brodbelt admits that venue is proper, but otherwise denies the averments of the second sentence of this paragraph.

3. Defendant Brodbelt denies that Plaintiff is entitled to any of the relief he seeks.

4. Defendant Brodbelt admits the averments in this paragraph, except denies knowledge or information as to Plaintiff's residence.

5. Defendant Brodbelt admits the averments in this paragraph, except denies knowledge or information as to when Plaintiff received the Dismissal and Notice of Rights.

6. Defendant Brodbelt denies the averments in this paragraph.

7. Defendant Brodbelt admits that venue is proper, but otherwise denies the averments in this paragraph.

## II.
## Parties

8. Defendant Brodbelt denies knowledge or information as to the averments in the first sentence of this paragraph. Defendant Brodbelt denies the averments in the second sentence of this paragraph, except admits that Plaintiff was a Senior Research Scientist for Defendant The University of Texas at Austin.

9. Defendant Brodbelt admits the averments in this paragraph.

10. Defendant Brodbelt admits the averments in this paragraph.

11. Defendant Brodbelt denies the averments in this paragraph, except admits that Defendant Stephen F. Martin is an individual employed in the Department of Chemistry and Biochemistry,

College of Natural Sciences at the University.

12. Defendant Brodbelt admits the averments in this paragraph.

13. Defendant Brodbelt admits the averments in this paragraph.

## III.
## Statement of Facts

14. Defendant Brodbelt denies knowledge or information as to the averments in the first, fourth, fifth, and sixth sentences of this paragraph. Defendant Brodbelt denies the averments in the second sentence, except admits that Plaintiff was a Senior Research Scientist. Defendant Brodbelt admits the averments in the third sentence.

15. Defendant Brodbelt denies the averments in the first sentence of this paragraph, except admits that Plaintiff made such claims. Defendant Brodbelt denies the averments in the second sentence of this paragraph. Defendant Brodbelt denies knowledge or information as to the averments in the second and third sentences of this paragraph.

16. Defendant Brodbelt denies knowledge or information as to the averments in this paragraph.

17. Defendant Brodbelt denies knowledge or information as to the averments in the first and second sentences of this paragraph, except admits that Plaintiff was not selected for a Professor position and denies that Plaintiff was better qualified than those who were interviewed and/or hired. Defendant Brodbelt denies the averments in the third sentence of this paragraph.

18. Defendant Brodbelt denies knowledge or information as to the averments in this paragraph.

19. Defendant Brodbelt denies knowledge or information as to the averments in this paragraph, except denies that she made any recommendation as to the survey.

20. Defendant Brodbelt admits the averments in the first and second sentences of this paragraph. Defendant Brodbelt denies knowledge or information as to the averments in the third, fourth and fifth sentences of this paragraph.

21. Defendant Brodbelt denies knowledge or information as to the averments in this paragraph.

22. Defendant Brodbelt denies knowledge or information as to the averments in this paragraph.

23. Defendant Brodbelt admits the averments in this paragraph, except denies that Dr. Karin Keller is less qualified than Plaintiff.

24. Defendant Brodbelt denies the averments in this paragraph, except admits that Plaintiff makes such claims.

25. Defendant Brodbelt denies the averments in the first sentence of this paragraph as to herself, and denies knowledge or information as to the other Defendants. Defendant Brodbelt denies knowledge or information as to the averments in the second sentence of this paragraph.

## IV.
## Damages

26. Defendant Brodbelt denies the averments in this paragraph.

## V.
## First Cause of Action

27. Defendant Brodbelt restates and incorporates by reference her answers and responses to Paragraphs 1 through 25.

28. Defendant Brodbelt denies the averments in this paragraph.

29. Defendant Brodbelt denies the averments in this paragraph.

## VI.
## Second Cause of Action

30. Defendant Brodbelt restates and incorporates by reference her answers and responses to Paragraphs 1 through 25.

31. Defendant Brodbelt denies the averments in this paragraph.

32. Defendant Brodbelt denies the averments in this paragraph.

## VII.
## Third Cause of Action

33. Defendant Brodbelt restates and incorporates by reference her answers and responses to Paragraphs 1 through 25.

34. Defendant Brodbelt denies the averments in this paragraph.

35. Defendant Brodbelt denies the averments in this paragraph.

## VIII.
## Fourth Cause of Action

36. Defendant Brodbelt restates and incorporate by reference her answers and responses to Paragraphs 1 through 25.

37. Defendant Brodbelt denies the averments in this paragraph.

38. Defendant Brodbelt denies the averments in this paragraph.

39. Defendant Brodbelt denies the averments in this paragraph.

## IX.
## Injunctive Relief

40. Defendant Brodbelt restates and incorporates by reference her answers and responses to Paragraphs 1 through 39. Defendant Brodbelt denies the remaining averments in this paragraph.

# X.
## Attorney's Fees

41. Defendant Brodbelt denies that Plaintiff is entitled to any attorney's fees.

# XI.
## Jury Trial Demand

42. Defendant Brodbelt admits that Plaintiff demands a jury trial in this action.

Defendant Brodbelt denies that Plaintiff is entitled to any of the requested relief in his prayer for relief.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Sovereign immunity bars any and all of Plaintiff's claims to which that defense may apply.

3. The Eleventh Amendment bars any and all of Plaintiff's claims to which that defense may apply.

4. Qualified (or official) immunity bars any and all of Plaintiff's claims to which that defense may apply.

5. Plaintiff's claims, in whole or in part, are time barred by the applicable statute of limitations period.

6. Plaintiff failed to exhaust his administrative remedies, to the extent applicable.

7. Any employment decisions challenged by Plaintiff were made for legitimate, non-discriminatory, non-retaliatory reasons required by business necessity, and these decisions would have been made regardless of any protected activity claimed by Plaintiff.

8. At all times relevant to this cause, Defendant Brodbelt's actions were reasonable and

proper under the laws of the United States and the State of Texas.

9.　Plaintiff failed to mitigate his damages, if any.

10.　Plaintiff's own acts and/or omissions caused or contributed to Plaintiff's injuries, if any.

11.　The compensatory and other damages provided for in Texas Labor Code Section 21.2585, if any, are subject to the damage cap set forth therein.

12.　Defendant Brodbelt reserves the right to raise additional affirmative defenses as they become apparent during the development of the case.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Brodbelt respectfully requests that the Court enter judgment for her and against Plaintiff, holding that Plaintiff take nothing by his action and award Defendant Brodbelt such further relief to which she is entitled, including costs and attorney's fees.

Dated: July 16, 2010

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

 /s/ Darren G. Gibson
**DARREN G. GIBSON**
Attorney-In-Charge

Texas Bar No. 24068846
Darren.Gibson@oag.state.tx.us
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

***ATTORNEYS FOR DEFENDANT
JENNIFER S. BRODBELT***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant Jennifer S. Brodbelt's Answer and Affirmative Defenses was served via the *CM/ECF system* on July 16, 2010, to:

Kala S. Dumon
Law Offices of Gaul and Dumont
924 Camaron
San Antonio, Texas 78212
*Attorney for Plaintiff*

                                              __/s/ Darren G. Gibson_____
                                              **DARREN G. GIBSON**
                                              Assistant Attorney General