IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MEHDI MOINI, | § | |
|     *Plaintiff*, | § | Civ. Action No. 1:10-cv-00180-SS |
| | § | |
| v. | § | |
| | § | |
| THE UNIVERSITY OF TEXAS AT | § | |
| AUSTIN; WILLIAM C. POWERS, JR., in | § | |
| his Official Capacity as President; | § | |
| STEPHEN F. MARTIN, RICHARD B. | § | |
| QUY and JENNIFER S. BRODBELT, | § | |
| Individually, | § | |
|     *Defendants*. | § | |

**UNIVERSITY'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MOTION TO COMPEL**

TO THE HONORABLE SAM SPARKS, UNITED STATES DISTRICT JUDGE:

Defendants The University of Texas at Austin (the "University") files this response to Plaintiff's Supplemental Motion to Compel (Dkt. # 38) and respectfully state as follows:

### I.   BACKGROUND

The University responded to Plaintiff's discovery requests on March 30, 2011, and produced over 6000 pages of documents, noting that additional documents would be forthcoming.[1] On April 7, 2011, Plaintiff's counsel raised numerous issues regarding the University's discovery responses in an email to the University's counsel.[2] Defense counsel responded the following day with a letter addressing Plaintiff's issues and agreed to additional production of documents.[3] The University also produced almost 900 additional pages of documents that same day, as it had indicated it would on

---

1 Gibson Decl. Exh. 1, 03/30/11 Letter from Gibson to Dumont.
2 Gibson Decl. Exh. 2, 04/07/11 Email from Dumont to Gibson.
3 Gibson Decl. Exh. 3, 04/08/11 Letter from Gibson to Dumont.

*University's Response to P.'s Supp. Motion to Compel*                                            1

March 30.[4] That afternoon, Plaintiff's counsel filed her initial Motion to Compel to "preserve Plaintiff's rights," while recognizing that the parties were attempting to resolve the issues without Court intervention.[5]

The parties did continue to attempt to resolve these issues. The University further supplemented its document production on April 14, 2011 to address one of Plaintiff's issues, as it had agreed to do in the April 8 letter.[6] Plaintiff's counsel then sent Defense counsel an email identifying the remaining outstanding issues.[7] Counsel held a conference call on April 18, 2011 to discuss these issues, and Defense counsel agreed to provide an index of produced documents, which was provided that afternoon.[8] However, counsel unfortunately continued to disagree about certain issues.

Plaintiff then filed her Supplemental Motion to Compel on April 19, 2011, which replaced her prior motion and addressed what Plaintiff believed to be outstanding discovery items.[9] On April 20, the University provided a privilege log, as requested.[10] The University responds below to each of the items identified in Plaintiff's Supplemental Motion to Compel and references the paragraph numbers in that motion.

## II.     ISSUES AND ARGUMENT

As to paragraphs 3-5 of the Supplemental Motion, Plaintiff initially asserted that the University was required to identify each the over 6000 documents that were responsive to each of her 34 document requests.[11] Defense counsel then informed Plaintiff's counsel that the documents were

---

4 *Id.* at 2; Gibson Decl. Exh. 1.
5 Dkt. # 34 at 2.
6 Gibson Decl. Exh. 4, 04/14/11 Letter from Hernandez to Dumont.
7 Gibson Decl. Exh. 5, 04/14/11 Email from Dumont to Gibson.
8 Gibson Decl. ¶ 8, Exh. 6, 04/18/11 Email from Gibson to Dumont and attachment.
9 Dkt. # 38.
10 Gibson Decl. Exh. 7, 04/20/11 Email from Gibson to Dumont and attachment.
11 Gibson Decl. Exh. 2.

*University's Response to P.'s Supp. Motion to Compel*                    2

produced "as they are kept in the usual course of business" and that the Federal Rule of Civil Procedure 34(b)(2)(E) does not further require that the documents responsive to each request be specifically identified.[12]  During subsequent conversations, Plaintiff requested, and Defense counsel agreed to provide, an index to the University's production, which was provided on April 18.[13]  It is the University's understanding that this issue has been resolved, since it has fulfilled its obligations under Rule 34(b)(2)(E) to produce documents as they are kept in the ordinary course of business.[14]

As to paragraph 6, Plaintiff requests that a privilege log be produced, and the University has done so.[15]

As to paragraph 7, RFP No. 6 requests the University's compensation plans going back to 2005.[16]  The University objected on the grounds of burden and relevance and stated it would produce responsive documents from 2007 to the present.[17]  The basis for this objection is that the Court dismissed Plaintiff's claims premised upon adverse employment actions prior to September 15, 2007.[18]  While evidence of prior acts by the University or its employees may be relevant, there are no allegations of any bad acts in connection with any compensation plan.  Moreover, the University believes the only relevance of such documents relates to damages, which are only available for acts post-September 15, 2007.  Thus, the University should not be burdened to produce these irrelevant documents.

---

12 Gibson Decl. Exh. 3 at 1.
13 Gibson Decl. Exh. 6.
14 Plaintiff suggests it is "debatable" that the documents were produced as they are kept in the ordinary course because the index identifies document by custodian, including Martin, Brodbelt or Quy.  (Gibson Decl. Exh. 5.) Plaintiff's argument is illogical and misleading.  The information of specific custodian is exactly the type of information that demonstrates how the documents were kept in the ordinary course.
15 Gibson Decl. Exh. 7.
16 Gibson Decl. Exh. 8, University's RFP Responses.
17 *Id.* at RFP No. 6.
18 Dkt. # 27 at 21.

*University's Response to P.'s Supp. Motion to Compel*                                                                3

Paragraph 7 of Plaintiff's motion also asserts that documents prior to 2007 should be produced in response to RFP No. 8, which requests all documents concerning any complaints made against Plaintiff during his 19 years of employment at the University.[19] Although the University's responses state it would produce documents regarding complaints since 2007, the University produced all documents regarding any complaints Plaintiff, regardless of timeframe, and did not withhold any documents based on this objection. Defense counsel has repeatedly informed Plaintiff's counsel of this fact,[20] but Plaintiff continues to push the issue. The University is more than willing to identify numerous documents produced in response to this request that pre-date 2007, such as student's complaints of harassment by Plaintiff. The University views this issue as resolved. To the extent necessary, the University's response to RFP No. 8 is amended to state: "Defendant objects to this Request on the basis of overbreadth, burden and relevance. Subject to the foregoing objections, Defendant will produce non-privileged, responsive documents, if any."

Paragraph 9 of Plaintiff's motion addresses the University's responses to RFP Nos. 15 and 20. In response to those requests, the University made certain objections and stated, "Defendant will produce non-privileged, responsive documents, if any."[21] In her motion, Plaintiff states that it is unclear if responsive documents have been produced.[22] It is clear that Plaintiff's counsel has not actually reviewed the documents produced by the University, since there are numerous documents that have been produced which are responsive to these requests, including surveys from users of MSF customers and individual complaints from MSF user, all of which are responsive to RFP Nos. 15 and 20.[23] The University did object on the basis of overbreadth, burden and relevance, given the

---

[19] Gibson Decl. Exh. 8 at RFP No. 8.
[20] Gibson Decl. Exh. 3 at 2-3.
[21] Gibson Decl. Exh. 8 at RFP Nos 15 & 20.
[22] Dkt. # 38 ¶ 9.
[23] Again, should the Court find it helpful, the University can identify specific documents that have been produced in

*University's Response to P.'s Supp. Motion to Compel*

scope of requests and potentially responsive information across the entire University community who utilize the MSF facility, and due to the fact that RFP No. 20 inherently requests documents going back to 1990, when Plaintiff first took over as Director of the MSF. However, Defense counsel hereby certifies that a good faith effort has been made to identify all responsive documents and no documents have been withheld from production based on these objections.

As to paragraph 10 of the Supplemental Motion, Plaintiff takes issue with the University's response to Interrogatories Nos. 6, 7, 8 and 14 and RFP Nos. 26 and 28. Those discovery requests seek information related to the race/national origin and age for Departmental employees.[24] In response, the University produced spreadsheets with the requested information (subject to clearly stated objections and qualifications), and informed Plaintiff's counsel of the specific bates numbers of those documents in the April 8 letter.[25] That letter did include a typographical error and identified one of the responsive spreadsheets as UT-Moini006116, rather than the correct bates number of UT-Moini006115. Prior to filing her supplemental motion, Plaintiff's counsel never notified Defendant's counsel of this error. With this clarification, the University believes this issue resolved.

In paragraph 11, Plaintiff takes issue with the general objection in the University's interrogatory responses regarding information prior to September 15, 2007.[26] This objection is necessary because many of Plaintiff's interrogatories contain no time limitation whatsoever and inherently request information dating back to 1989, when Plaintiff first started at the University.[27] The University has attempted to make clear the scope of its responses in light of its objection and has

---

response to these requests.
24 Gibson Decl. Exh. 9, University's ROG Responses.
25 *Id.*; Gibson Decl. Exh. 3 at 2.
26 Gibson Decl. Exh. 9 at 2.
27 *See, e.g.,* Gibson Decl. 9, ROGs Nos. 3, 5, 9, 10, 11, 15.

*University's Response to P.'s Supp. Motion to Compel* 5

endeavored to produce all relevant information, even if it pre-dates September 15, 2007.[28] Thus, the University believes it has met its burden with respect to these requests.

As to paragraphs 13 and 14 of the Supplemental Motion, the University's general objection regarding deriving answers from documents was appropriate, and it has identified those specific documents that contain the responsive information.[29] With regard to Interrogatory No. 3, it requests the identity of individuals who have given witness statements to the University[30]. In response, the University provided the four names of those individuals that it is aware have given statements and also objected that the answer could be derived from documents.[31] Defense counsel has informed Plaintiff's counsel that this objection was provided because there may be additional witness statements in the documents, such as in the EEOC file, of which the University and its counsel are unaware. No information has been withheld on the basis of this objection.

Paragraph 15 of Plaintiff's motion relates to Interrogatory No. 4, which requests that the University identify its legitimate, non-discriminatory and "business-necessity" reasons for its actions, which was asserted as an affirmative defense in the University's answer.[32] In response, the University objected to the interrogatory as vague and ambiguous, because it did not identify which of the many actions the University took with respect to Plaintiff for which information was requested.[33] Despite this objection, the University responded as to primary action at issue in this case – the University's non-renewal of Plaintiff's appointment.[34] In its response, the University identified numerous specific documents which provide, in detail, the reasons why the University did not renew

---

28 *Id.*; *see also id.* at ROG Response Nos. 6 and 14, which provide the requested information for Departmental employees dating back to 2005.
29 *See* Gibson Decl. Exh. 9, ROG Response Nos. 2, 4, 6 (as supplemented by 4/8 letter), 12, 14 and 16.
30 *Id.* ROG No. 3.
31 *Id.*
32 *Id.* ROG No. 4.
33 *Id.*
34 *Id.*

Plaintiff's appointment.[35]  These documents include, among others, the memorandum submitted by Dr. Quy and Dr. Martin to the University Provost and other administrators requesting permission for non-renewal, which reflects the approval by the various administrators.  The University also incorporated this answer in its response to Interrogatories Nos. 5 and 18, which request information subsumed within the answer to No. 4, including identification of Plaintiff's performance issues, who made the decision to not renew his appointment, and the information upon which that decision was based.[36]  In short, the University has thoroughly answered these interrogatories, and Plaintiff has no basis to question those answers.

### III.    CONCLUSION

For the foregoing reasons, the University respectfully requests that Plaintiff's Supplemental Motion to Compel be denied.

Dated:  April 21, 2011                           Respectfully submitted,

                                                 GREG ABBOTT
                                                 Attorney General of Texas

                                                 DANIEL T. HODGE
                                                 First Assistant Attorney General

                                                 BILL COBB
                                                 Deputy Attorney General for Civil Litigation

                                                 DAVID C. MATTAX
                                                 Director of Defense Litigation

                                                 ROBERT B. O'KEEFE
                                                 Chief, General Litigation Division

                                                   /s/   Darren G. Gibson
                                                 **DARREN G. GIBSON**

---

35 *Id.*
36 *Id*. ROG Nos. 5 and 18.

*University's Response to P.'s Supp. Motion to Compel*                                               7

Texas Bar No. 24068846
Assistant Attorney General
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Darren.Gibson@oag.state.tx.us
(512) 463-2120
(512) 320-0667 FAX

***ATTORNEYS FOR THE UNIVERSITY OF TEXAS AT AUSTIN***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the *University's Response to Plaintiff's Motion to Compel* was served via the *CM/ECF system* on April 21, 2011, to:

Kala S. Dumont
Law Offices of Gaul and Dumont
924 Camaron
San Antonio, Texas 78212
*Attorney for Plaintiff*

\_\_/s/ Darren G. Gibson_____
**DARREN G. GIBSON**
Assistant Attorney General